[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant-father in the above-captioned matter has moved this court to modify the judgment of dissolution entered in this matter on November 18, 1994 (Dranginis, J.) as it pertains to the custody of the parties' two minor children. They are Katie, age 11 and Vincent, age 9.
Under the current judgment, the parties share joint legal custody of the minor children. Their primary residence is with the plaintiff-mother and the defendant is entitled to reasonable, liberal and flexible visitation with the minor children.
In July, 1995, the parties entered into a stipulation to modify the judgment. By their written stipulation which became an order of the court (Dranginis, J.), the parties acknowledged that the plaintiff was going to relocate outside of the State of Connecticut and the defendant's visitation rights would be modified to include the provisions that the children would spend their summer vacations in Connecticut with the defendant; that the children would spend every other Christmas vacation with the defendant; and that in the alternate years they would spend their spring vacation or February vacation with the defendant. They also agreed to split the travel costs incurred when the children come to visit with the defendant and that his support obligation would be suspended during such periods of visitation. CT Page 5539
The court heard considerable evidence and testimony from a number of witnesses including both parties, an in law, an ex-spouse, the current spouse and fiance and the family relations officer.
Having considered the evidence and testimony and having taken into consideration the applicable statutes including Section46b-56, et seq., Conn. General Statutes, the court makes the following findings and orders.
The defendant, hereinafter referred to as father, and the plaintiff, hereinafter referred to as the mother, contemplated the relocation of the mother and minor children from the state of Connecticut to the state of Alabama. They considered the impact that relocation would have on their respective rights and obligations, especially on father's opportunity to enjoy visits with the minor children and entered into a very specific agreement regarding those rights and obligations.
The father maintains that there has been a substantial change of circumstances since that agreement. That agreement was based, in large part, upon mother's anticipated marriage to one Darrell Bump, which necessitated the relocation of mother and the children to Alabama. Father maintains that mother's subsequent and speedy divorce from Bump in June 1996 was not contemplated by these parties and is a substantial change in the circumstances upon which that agreement was based. He further maintains that the failure of that marriage has had an adverse and destabilizing effect on mother and the minor children and, for that reason alone, the court has sufficient bases to modify the current custody orders in the best interests of the children.
As established by the evidence, that marriage was short lived and apparently was a major mistake on mother's part.
Her subsequent marriage on to her current husband, John Klein was, according to mother, a very positive and responsible move on her part. According to father, it was simply further evidence of her lack of stability in relationships and another mistake in the waiting.
Another change in the children's lives which father feels has been detrimental to them is their one year stay at St. Benedict's School in Alabama. He argues that the unilateral decision by CT Page 5540 mother to place them in that school and her unilateral decision to remove them after one year shows a failure by mother to act in the children's best interest and a failure by her to permit him to have any input as he is permitted as a parent with joint legal custody rights. He offered testimony that mother's handling of the children's educational and social issues has contributed to the difficulties they have experienced in building peer relationships. That task being none the easier for two youngsters reportedly perceived and teased as "Yankees" due to their native home in New England.
The father also offered considerable evidence and testimony about his current home, his fiance and his immediate family, all being his indicators of a preferable environment for Katie and Vincent. The court had no trouble accepting the claim that life in Woodbury at father's home would be wholesome, safe and familiar to the children. If the parties proposed a stipulation whereby the children should relocate to father's home, the court would have little difficulty accepting that proposal. Unfortunately, no such agreement exists and it remains father's burden, as movant, to establish by a fair preponderance of the evidence that it would be in the children's best interest to grant his motion for modification of custody. That burden is further codified in Section 46b-56(b), Connecticut General Statutes.
The mother offered evidence and testimony through herself and her present husband, John Klein, that the home which they provide for the children is also wholesome, safe and familiar. The court noted particularly the strong exception each of them took to the mischaracterization of their home as being a unit in a trailer park. They testified that their home is anything but mobile and, in fact, has been expanded and remodeled to provide separate bedrooms for the children.
John Klein has been employed by the same food store in Alabama for 10 years and is currently the meat manager. He is sole custodian of his daughter Stacey, age 7, issue of a prior marriage. Stacey lives in the Klein home along with Katie and Vincent. There was testimony that the children get along appropriately, but Katie and Vincent often feel that Stacey is given preferential treatment. Not an unusual claim considering the children's ages and relationship.
The behavior of the Katie and Vincent in their mother's home CT Page 5541 was also the subject of testimony. Father had offered evidence, which remained unrefuted, that at the time of their arrival in Connecticut for an extended visit with the father the children presented themselves with dyed hair which upset father for two reasons. First, because it occurred to him that it was designed and created by mother as an intentional act designed to aggravate him. Secondly, because it further evidenced his fear that his children were not subject to proper discipline in mother's home. Mother testified that it was merely a school vacation expression of outrageousness that had no long term physical or psychological consequences. The court agrees with that explanation.
The court heard testimony form J. Gregory Garrity, Family Relations Officer who testified regarding the custody evaluation study which he authored. By way of preliminary findings, e reported that he had conducted interviews with the children, the parties and father's fiance. He also incorporated information about mother's home as made available to him from a representative of the Baldwin County Alabama Department of Human Resources.
His report noted that the children each indicated a preference to live on a full time basis with their father in Connecticut. Vincent unequivocally, but Katie with some "mixed feelings" and "reservations."
It was Mr. Garrity's conclusion that it would be in the children's best interest, as the facts existed at the time of his report and his testimony, that the children continue to reside with their mother during the school year and with their father during the summers and during extended vacation periods.
It was apparent to the court through the testimony that the children have considerable love and affection for their parents and, to a somewhat lesser degree, to their parents' significant others. They clearly wish that life had remained as they perceived it and enjoyed it as little children. As in so many cases, however, the facts herein do not permit a return to such times and the court is required to rule on the issues before it in a way that meets the best interest of the children, regardless of how they perceive life.
Having considered all of the above, the court hereby denies the defendant-father's motion for modification of custody based on the evidence and testimony offered at the time the motion was CT Page 5542 heard. The court also adopts the recommendation of the family division report that Vincent, Jr. be provided with counseling to assist him with the issues he is dealing with in regard to the current custody arrangement.
The court acknowledges that considerable and possibly crucial time has past since that hearing. The court and this order are limited to the facts that were before it at that time.
By The Court, Joseph W. Doherty, Judge.